UNITED STATES DISCTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

NICHOLAS SERVICES, LLC
D/B/A NICHOLAS AIR                                                       PLAINTIFF

V.                                                       CAUSE NO: 3:24-CV-338-MPM-JMV

ADVANCED AOG, INC.                                    DEFENDANT

## COMPLAINT

COMES NOW, Plaintiff Nicholas Services, LLC d/b/a Nicholas Air ("Nicholas Air"), through undersigned counsel, and files its Complaint against Defendant Advanced AOG, Inc. ("Advanced"), and would show unto the Court the following:

### PARTIES

1. Plaintiff, Nicholas Air is a limited liability company organized in the State of Delaware and is headquartered at 300 South Lamar Court, Unit B, Oxford, MS 38655. Nicholas Air owns and operates a fleet of jets, providing private air transportation services to an exclusive set of customers, as authorized by the FAA under 14 C.F.R. Part 135.

2. Upon information and belief, Defendant, Advanced is a Georgia corporation with its principal office address at PO Box 3320, Loganville, GA, 30052. Advanced can be served through its registered agent, Emert Law Firm, LLC, and/or Emert Yeom, LLC, located at 6340 Sugarloaf Pkwy, Suite 200, Duluth, GA, 30097. Advanced is an aircraft maintenance provider and authorized FAA repair station under 14 C.F.R. Part 145.

### JURISDICTION AND VENUE

3. This Court has federal diversity jurisdiction over this civil action pursuant to 28 U.S.C. § 1332 because the parties are completely diverse and the amount in controversy exceeds Seventy-Five Thousand Dollars ($75,000.00) exclusive of interests and costs.

4. This Court has personal jurisdiction over Advanced pursuant to Federal Rule of Civil Procedure 4(k)(1)(A) because they would be subject to the jurisdiction of a court of general jurisdiction in Mississippi. Advanced committed the violations of Mississippi common law at issue in this lawsuit. Advanced entered into a contractual agreement with a Mississippi entity, which was signed, at least in part, in Mississippi. Advanced's actions were directed at Mississippi, and the injury caused was felt in Mississippi.

5. Venue is proper in this District pursuant to 28 U.S.C. § 1391 as a substantial part of the actions and omissions alleged occurred within this District, and because all, or a substantial part of the property that is the subject of the action is situated within this District. Further, venue is proper in this District because Advanced is transacting business in this District.

## BACKGROUND

6. On or about May 22, 2024, Advanced AOG, Inc. "Advanced" offered aircraft maintenance services to Nicholas Air for work to be performed on Citation Latitude with registration number N715N. ("N715N").

7. On May 24, 2024, the work scope and cost ("WO_10166") were authorized by signature of a Nicholas Air representative prior to work commencing.[1] Nicholas Air agreed to pay Advanced a total of Nineteen Thousand Three Hundred and Eleven Dollars and 38/100 ($19,311.38) for their services pursuant to the agreed upon work order.[2] This agreed-upon amount was paid in full.

8. After services were rendered pursuant to WO_10166, Advanced generated a new invoice ("Invoice I") requesting One Hundred Fourteen Thousand Eight Hundred Thirty-Eight and 11/100

---

[1] *See* WO_10166 attached hereto as Exhibit A.
[2] *Id.*

2

Dollars ($114,838.11); Ninety-Five Thousand Five Hundred Twenty-Six and 73/100 Dollars ($95,526.73) more than the agreed upon price.[3]

9. Despite the signed contractual agreement of WO_10166 which states that "IF ANY DISCREPANCIES ARE DISCOVERED, YOU WILL BE NOTIFIED WITH AN ESTIMATED TIME AND COST FOR REPAIR,"[4] Invoice I was never agreed to, and Advantage never notified Nicholas Air of any increased time or cost required.

10. When Nicholas Air questioned the additional Ninety-Five Thousand Five Hundred Twenty-Six and 73/100 Dollars ($95,526.73) above the quoted price, Advanced turned to threats and extortion, and submitted a revised invoice ("Invoice II") which increased the demand to Two Hundred Two Thousand Three Hundred Sixty-Eight and 11/100 Dollars ($202,368.11) without any justification.[5]

11. Due to Advanced's unjustified request for One Hundred Eighty-Three Fifty-Six and 73/100 Dollars ($183,056.73) above the agreed-upon price, Nicholas Air understandably disputes the invoices, and has not paid any amount over the agreed-upon price.

12. In response, Advanced submitted a lien against N715N to the Federal Aviation Administration ("FAA") and – without affording Nicholas Air any opportunity to dispute the lien – the FAA recorded a lien against N715N in the amount of One Hundred Ninety-Two Thousand Two Hundred Nine and 57/100 Dollars ($192,209.57).[6]

---

[3] *See* Invoice I attached hereto as Exhibit B.
[4] *See* WO_10166 attached hereto as Exhibit A.
[5] *See* Invoice II attached hereto as Exhibit C.
[6] *See* FAA Notice of Lien attached hereto as Exhibit D.

3

## CAUSES OF ACTION

### I. COUNT ONE – BREACH OF CONTRACT

13. Plaintiff realleges and incorporates by reference herein each allegation contained in the above paragraphs.

14. Plaintiff and Defendant entered into a mutually signed contract, WO_10166, which states that "IF ANY DISCREPANCIES ARE DISCOVERED, YOU WILL BE NOTIFIED WITH AN ESTIMATED TIME AND COST FOR REPAIR."[7]

15. Defendant breached this contractual agreement by failing to notify Plaintiff of any additional time or cost associated with the work prior to submitting not one, but two invoices well above the price reflected in the only signed and agreed to document between the parties, WO_10166.

16. Defendant continues to breach its contractual obligations by repeatedly harassing Plaintiff for monies far in excess of the agreed upon price, and unjustified, then by filing an unsupported lien with the FAA and demanding payment for amounts which Plaintiff was not notified of and never approved. .

17. Plaintiff have suffered and continue to suffer damages as a result of Defendant's breach, including, but not limited to, reputational damage, damage to property, tarnishing of title, economic harm, time and expense associated with refuting Defendant's demand for additional funds, and costs, expenses, and attorney's fees associated with attempted removal of the false and/or fraudulent lien.

---

[7] *See* WO_10166 attached hereto as Exhibit A.

## II. COUNT TWO – DEFAMATION

18. Plaintiff realleges and incorporates by reference herein each allegation contained in the above paragraphs.

19. Defendant's false and/or fraudulent lien on N715N is defamatory as it is completely false, unsubstantiated, and encompasses amounts which were not approved, and are not owed to Defendant.

20. Despite Plaintiff informing Defendant that the amounts over and above the quote were unauthorized, unapproved, and therefore not owed, Defendant represented its lien to the FAA as fact, and the FAA registered the lien due to Defendant's false representation.

21. Defendant's false and/or fraudulent lien has caused damage to Plaintiff in the form of reputational damage, damage to the title of N715N, and time, costs, expenses, and attorney's fees associated with attempting to remove the lien and reestablish title.

## III. COUNT THREE – BREACH OF THE DUTY OF GOOD FAITH AND FAIR DEALING

22. Plaintiff realleges and incorporates by reference herein each allegation contained in the above paragraphs.

23. Defendant's breach of contract and filing a false and/or fraudulent lien was deliberate, intentional, malicious, in reckless disregard for Plaintiff's rights, and constitute a breach of the duty of good faith and fair dealing as it violated standards of decency and fairness.

### PRAYER FOR RELEIF

WHEREFORE, premises considered, Plaintiff demands judgment against Defendant as follows:

1. The Court shall enjoin Defendant from its improper conduct, including the following:
    a. Defendant shall cease contacting Plaintiff demanding any further payment;

5

  b. Defendant shall issue a letter to the Federal Aviation Administration requesting removal of the false and/or fraudulent lien it has placed against aircraft N715N,

2. The Court shall declare that Defendant has been paid in full by Plaintiff,
3. The Court shall declare the lien on aircraft N715N null and void and issue an Order for removal of such lien.
4. Plaintiff be awarded attorneys' fees from Defendant;
5. Plaintiff be awarded costs from Defendant;
6. Plaintiff be awarded punitive and/or exemplary damages from Defendant; and
7. Plaintiff be awarded any other just, legal, general, and equitable relief allowed by law.

RESPECTFULLY SUMITTED this 25th day of October, 2024.

        NICHOLAS SERVICES, LLC
        d/b/a NICHOLAS AIR.

        _____
        Hannah Katherine Herrin (MSB #105688)
        Direct: 662.212.5124
        Email: hherrin@nicholasair.com
        Wendi Litton (MSB #103511)
        Direct: 662.228.5789
        Email: wlitton@nicholasair.com
        NICHOLAS AIR®
        *Counsel for Plaintiffs*