IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

**NICHOLAS SERVICES, LLC**    **Plaintiff**

**v.**    **No. 3:24-cv-00338-MPM-JMV**

**ADVANCED AOG, INC.**    **Defendant**

## ORDER

This matter comes before the Court on Defendant Advanced AOG, Inc's (Advanced) Motion to Dismiss [5] for lack of personal jurisdiction, improper venue, and failure to state a claim. Plaintiff Nicholas Services, LLC (Nicholas Air) opposes the motion [12]. The Court, having reviewed the record and carefully considered the applicable law, is now prepared to rule.

### RELEVANT FACTS

This action stems from an alleged breach of contract. Nicholas Air, a private aviation company based in Mississippi, offers air travel services to its members across the United States and internationally. Advanced, a Georgia-based entity, specializes in aircraft maintenance.

In May of 2024, Advanced was contracted to perform repairs on an aircraft for Nicholas Air in Tennessee. Advanced provided an initial repair cost estimate, which Nicholas Air accepted. Upon inspection of the aircraft, Advanced determined that additional engine parts were required and that more mechanics needed to be dispatched to Tennessee to adequately repair the aircraft. According to Advanced, Nicholas Air's Director of Maintenance, Kevin Craver, approved the dispatch of additional Advanced mechanics to complete the repairs; however, upon completion of the repairs, Nicholas Air refused to pay the invoices for the additional labor. Advanced asserts that Nicholas Air's misrepresentations of the original scope of repair work resulted in extended time, labor, and increased expenses to successfully repair the aircraft.

Nicholas Air filed their Complaint [1] against Advanced for breach of contract alleging that Advanced demanded additional compensation for repairs to an aircraft beyond the amount agreed upon in their contract. Nicholas Air refused to pay the alleged unjustified costs claiming it was never notified of any additional time or cost associated with the repairs prior to Advanced submitting two new invoices. In response, Advanced filed a lien against the aircraft. Nicholas Air has also sued for defamation and breach of the duty of good faith and fair dealing associated with the lien.

Advanced now moves to dismiss Nicholas Air's Complaint [1] asserting lack of personal jurisdiction, improper venue, and failure to state a claim upon which relief can be granted pursuant to Federal Rules of Civil Procedure 12(b)(2), 12(b)(3), and 12(b)(6).

## STANDARD OF REVIEW

When a nonresident defendant files a motion to dismiss for lack of personal jurisdiction, the plaintiff must show by a preponderance of the evidence that the district court has jurisdiction over the nonresident defendant. *Adams v. Unione Mediterranea Di Sicurta*, 220 F.3d 659, 667 (5th Cir. 2000); *Walk Haydel & Assocs., Inc. v. Coastal Power Prod. Co.*, 517 F.3d 235, 241 (5th Cir. 2008) (citing *Brown v. Slenker*, 220 F.3d 411, 419 (5th Cir. 2000)). To resolve the jurisdictional issue, the Court "may consider the contents of the record before the court at the time of the motion, including 'affidavits, interrogatories, depositions, oral testimony, or any combination of the recognized methods of discovery.'" *Quick Techs., Inc. v. Sage Grp. PLC*, 313 F.3d 338, 344 (5th Cir. 2002) (quoting *Thompson v. Chrysler Motors Corp.*, 755 F.2d 1162, 1165 (5th Cir. 1985)). "[O]n a motion to dismiss for lack of jurisdiction, uncontroverted allegations in the plaintiff's complaint must be taken as true, and conflicts between the facts contained in the parties' affidavits must be resolved in the plaintiff's favor for purposes of determining whether a *prima facie* case for

personal jurisdiction exists." *Johnston v. Multidata Sys. Int'l Corp.*, 523 F.3d 602, 609 (5th Cir. 2008) (quoting *Wilson v. Belin*, 20 F.3d 644, 648 (5th Cir. 1994)). However, this does not mean the Court must accept even uncontroverted conclusory allegations made by the plaintiff. *Panda Brandywine Corp. v. Potomac Elec. Power Co.*, 253 F.3d 865, 868-69 (5th Cir. 2001).

"A federal district court sitting in diversity may exercise personal jurisdiction only to the extent permitted a state court under applicable state law." *Allred v. Moore & Peterson*, 117 F.3d 278, 281 (5th Cir. 1997) (citing *Cycles, Ltd. v. W.J. Digby, Inc.*, 889 F.2d 612, 616 (5th Cir. 1989)). In this case, the Court may assert personal jurisdiction over the defendant if both (1) Mississippi's long-arm statute and (2) due process requirements under the Fourteenth Amendment are satisfied. *Id.* (citing *Cycles*, 889 F.2d at 616). "The proper order when analyzing personal jurisdiction over nonresident defendants is to first consider whether the long-arm statute subjects a nonresident defendant to personal jurisdiction and then to consider whether the statute's application to that defendant offends the Due Process Clause of the Fourteenth Amendment to the U.S. Constitution." *Estate of Jones v. Phillips*, 992 So. 2d 1131, 1137 (Miss. 2008); *see Brown v. Flowers Indus., Inc.*, 688 F.2d 328, 331-32 (5th Cir. 1982). Mississippi's long-arm statute is not coextensive with federal due process, and thus, courts must analyze the scope of the statute when a defendant challenges the court's exercise of personal jurisdiction. *Allred*, 177 F.3d at 282.

## ANALYSIS

Advanced challenges the Court's exercise of personal jurisdiction asserting that the requirements of Mississippi's long-arm statute have not been met. Under Mississippi's long-arm statute, a court may exercise personal jurisdiction over a nonresident defendant if the plaintiff demonstrates that the defendant satisfies one of the three prongs: the contract prong, the doing business prong, and the tort prong. *Pace v. Cirrus Design Corp.*, 93 F.4th 879, 894 (5th Cir. 2024)

(citing *Adara Networks Inc. v. Langston*, 301 So. 3d 618, 623 (Miss. 2020)); Miss. Code Ann. § 13-3-57 (2007). These prongs are satisfied "if the defendant (1) makes a contract with a resident of Mississippi to be performed in whole or in part in Mississippi; (2) commits a tort in whole or in part in Mississippi; or (3) conducts any business or performs any character of work in Mississippi." *Pace*, 93 F.4th at 894; Miss. Code Ann. § 13–3–57.

Advanced maintains the contract prong cannot be satisfied because the services contract was not performed in whole or in part in Mississippi. While it is undisputed that Advanced contracted with a Mississippi-based company, the contract was intended to be performed in Tennessee, and all repairs to the aircraft were performed entirely in Tennessee. Nicholas Air argues that the email correspondence concerning the contract's terms, which were sent to its management personnel and accounting team located in Mississippi, constitute partial performance of the contract in Mississippi. Nicholas Air improperly relies on *Sorrells v. R & R Custom Coach Works, Inc.* in its assertion that "a single contract between [defendant] and [plaintiff] would be sufficient to impose personal jurisdiction upon [defendant] under the 'contracts' prong of the long-arm statute." 636 So. 2d 668, 671 (Miss. 1994). In *Sorrells*, the Mississippi Supreme Court concluded that the single contract warranty between the plaintiff and the defendant did not satisfy the contract prong because there was no allegation that the warranty was intended to be performed or was performed within the state of Mississippi. *Id*. at 672. It has been established that "merely contracting with a resident of the forum state is insufficient to subject the nonresident to the forum's jurisdiction." *Holt Oil & Gas Corp. v. Harvey*, 801 F.2d 773, 778 (5th Cir. 1986). Furthermore, telephonic and written communications regarding a contract's terms and mailed payments to the forum state do not constitute partial performance within that jurisdiction. *Id*. Therefore, Nicholas

4

Air's argument on this matter fails, and the exercise of personal jurisdiction through the contract prong would be improper.

Nicholas Air further asserts that Advanced is subject to the Court's jurisdiction through the doing business prong of Mississippi's long-arm statute because Advanced advertises to and solicits business from Mississippi and has sent invoices and received payments from Mississippi. Under Mississippi law, any corporation or person "who shall do any business or perform any character of work or service in this state" is subject to the personal jurisdiction of Mississippi courts. Miss. Code Ann. § 13–3–57 (Rev. 2002); *Est. of Jones v. Phillips ex rel. Phillips*, 992 So. 2d 1131, 1139 (Miss. 2008). And the cause of action need not relate to the business, work or service performed in the state. *Id*.

Advanced's Chief Financial Officer, Jonathan Zorger, maintains that Advanced has never conducted any business in Mississippi and submits the following:

> Advanced has never transacted business in Mississippi. Advanced has never solicited business is Mississippi. Advanced has never maintained any offices in Mississippi. Advanced has never had any employees in Mississippi. Advanced has never owned property in Mississippi. Advanced has never had an agent for service of process in Mississippi. Advanced has never been licensed to do business in Mississippi. Advanced has never maintained a bank account in Mississippi. Advanced has never paid taxes in Mississippi. Advanced has never advertised in, or directed any advertising to, Mississippi. None of Advanced's members live in Mississippi.

*Aff. of Jonathan Zorger*. Nicholas Air rebuts this claim with information from Advanced's website and in its brochure advertising 24/7 nationwide mobile support. Nicholas Air also alleges that Advanced solicited its business; however, the facts indicate that Nicholas Air's Director of Maintenance contacted Advanced from Tennessee to request repair services.

It is clear that all services and work performed on the aircraft occurred in Tennessee. Advanced does not conduct business in Mississippi, and its general advertising of nationwide

services hardly amount to conducting business in Mississippi for purposes of establishing personal jurisdiction. Therefore, the Court cannot establish jurisdiction over Advanced under the doing business prong of Mississippi's long-arm statute.

Lastly, Nicholas Air alleges that Advanced committed the tort of defamation and breached the duty of good faith and fair dealing when Advanced filed a lien on the aircraft in response to Nicholas Air's refusal to pay the additional invoices. Advanced denies these allegations; however, to the extent any such conduct is attributed to Advanced, the lien was filed in Oklahoma and all work performed on the aircraft occurred in Tennessee. Mississippi's long-arm statute requires that the tort be committed in whole or in part in Mississippi. Thus, the Court cannot establish jurisdiction over Advanced through the tort prong as the alleged tortious conduct did not occur in whole or in part in Mississippi.

The requirements of Mississippi's long-arm statute have not been satisfied, and this Court cannot establish personal jurisdiction over Advanced. Further analysis of improper venue and failure to state a claim is unnecessary. Nicholas Air's claims must be dismissed.

## CONCLUSION

For the reasons stated above,

**IT IS, THEREFORE, ORDERED** that Defendant's Motion to Dismiss [5] is **GRANTED** as this Court lacks personal jurisdiction over the nonresident defendant.

A separate judgment in accordance with this order will be entered on this date.

SO ORDERED this 5th day of May, 2025.

   /s/Michael P. Mills
UNITED STATES DISTRICT JUDGE
NORTHERN DISTRICT OF MISSISSIPPI